NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-578


SCHANTELL D. WASHINGTON

VERSUS

THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF
LOUISIANA SYSTEM


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20183908
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett and John E. Conery,
Judges.


MOTION TO REISSUE APPEAL DEADLINE GRANTED.

G. Karl Bernard
G. Karl Bernard & Associates
1615 Poydras Street, Suite 101
New Orleans, LA 70112
(504) 412-8070
COUNSEL FOR PLAINTIFF/APPELLANT:
    Schantell D. Washington

**Clearley W. Fontenot**
**Oats & Marino**
**100 E. Vermilion St., #400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**The Board of Supervisors for theUniversity of Louisiana System**

**SAUNDERS, Judge.**

On October 11, 2019, Defendant-Appellee, Board of Supervisors for the University of Louisiana System, filed a Motion to Re-Issue Appeal Deadline. For the following reasons, we grant the motion.

Appellee asserts that on October 10, 2019, it was provided a copy of a Motion to Suspend Appeal Deadlines filed by Plaintiff-Appellant on October 7, 2019. An Order granting the motion was signed by this court on October 9, 2019. Appellee contends that it was not provided a copy of the motion at the time it was filed, and to date, the only copy of the motion it has received was a copy provided by this court upon Appellee's request. Appellee maintains that it only learned of the motion when a call was placed to the Clerk of Court on October 10, 2019, to check on the status of the case. Appellee objects to the suspension of the appeal delays and moves this court to re-issue the appeal deadlines.

Appellee argues that Appellant's certification to this court that the exhibits to her opposition to a Motion for Summary Judgment were lost in transit when mailed to the lower court is unsupported by the facts. Appellee states that the suit ledger from the Fifteenth Judicial District Court indicates that the only documents received by the court were Appellant's Motion for Leave and Memorandum in Opposition to the Motion for Summary Judgment via facsimile on May 14, 2019, and that the original was received by mail on May 24, 2019. Appellee adds that the number of pages filed per the suit ledger was a total of sixteen pages, consistent with the number of pages in the appeal record of Appellant's motion without exhibits. Appellee contends that the exhibits were not lost by the court but were never provided by Appellant and should not be made a part of the appeal record. Appellee concludes that no material part of the trial record was omitted by the

lower court, and thus, supplementation of the record is unwarranted and appeal deadlines should be re-issued.

Next, Appellee asserts that on May 20, 2019, the lower court granted Appellee's Motion for Summary Judgment, dismissing Appellant's claims with prejudice. Notice of Judgment was mailed to the parties on May 22, 2019. Appellant timely filed a Motion for Devolutive Appeal on June 20, 2019. As such, Appellee argues that the trial court was divested of jurisdiction over all matters reviewable on appeal. La.Code Civ.P. art. 2088. Article 2088 reads:

> A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
>
> (1) Allow the taking of a deposition, as provided in Article 1433;
>
> (2) Extend the return day of the appeal, as provided in Article 2125;
>
> (3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
>
> (4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
>
> (5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
>
> (6) Grant an appeal to another party;
>
> (7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
>
> (8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or

(10) Set and tax costs and expert witness fees.

B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.

Appellee points out, however, that Appellant did not file her Motion to Amend the Judgment until September 29, 2019, more than four months after the trial court issued the judgment. Appellee maintains that the trial court no longer has jurisdiction over the case regarding matter on appeal, including the ruling granting summary judgment. As such, Appellee concludes, the Amended Judgment is not part of the appeal record.

In Appellant's Motion to Suspend Appeal Deadlines, she stated that the Appeal Record was lodged in two separate volumes, neither of which included the deposition transcripts attached as exhibits to Appellant's memorandum in opposition to Appellee's Motion for Summary Judgment. Upon learning of same, Appellant states that she filed a Motion to Supplement the Record in the lower court. However, on September 6, 2019, the lower court issued an affidavit certifying that no exhibits that were attached to Appellant's opposition were found in the record. Although Appellant does not doubt this assertion, she stated that the exhibits were mailed to the lower court and were likely lost in transit.

Because Appellant seeks a de novo review of the lower court's ruling which granted summary judgment in favor of Appellee, Appellant urged that a full and proper adjudication required that this court be allowed to review the exhibits

3

attached to her opposition memorandum. Appellant added that she had proposed a Joint Stipulation to attach said evidentiary documents to Appellant's brief with counsel for Appellee.

Appellant adds that on September 29, 2019, she filed a Motion to Amend Judgment in the lower court regarding a final judgment at issue on appeal. The ruling is pending, Appellant asserts, although both parties consented to the amended judgment. When the motion is granted, Appellant states that the appeal record will need to be supplemented. Lastly, Appellant indicated that counsel for Appellee was informed of her desire to suspend the briefing delays by the filing of this motion. Although Appellee was opposed to the motion to suspend briefing delays, Appellant urged that no party would suffer prejudice should this court grant the motion.

It is apparent to this court that Appellee was not notified of Appellant's Motion to Suspend Appeal Deadlines, and thus, was unable to oppose same before the suspension of the appeal deadlines was ordered. Further, Appellant would have opposed the motion had it been notified of same.

Additionally, the order granting Appellant a devolutive appeal was signed on June 21, 2019. Appellant did not file her Motion to Amend the Judgment until September 29, 2019, almost three months after the appeal was ordered and after the case was lodged in this court. Once the lower court signed the order for appeal, it was divested of jurisdiction over all matters reviewable on appeal, including the Motion to Amend Judgment. Accordingly, we find that the lower court no longer has jurisdiction over the case to rule on Appellant's Motion to Amend the Judgment and an amended judgment would not be a part of the appeal record.

4

In the absence of a legitimate reason to suspend briefing delays and in light of Appellee's opposition to same, we hereby rescind this court's order suspending the briefing delays and order briefing delays to be reissued.

**MOTION TO REISSUE APPEAL DEADLINE GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.